## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

KELLY PHILLIPS ERB       :
                               :
      Plaintiff,            :
                               :
v.                               :     Civil Action No.
                               :
NERDY GIRL ENTERPRISES, INC.   :
                               :     Jury Trial Demanded
      Defendant.          :

## COMPLAINT

      Plaintiff, Kelly Phillips Erb, by and through her counsel, The Keller Law Firm, LLC, hereby states and avers the following Complaint against Defendant, Nerdy Girl Enterprises, Inc.

      1.     This is a civil action brought pursuant to the Lanham Act 15 U.S.C. §§1051 *et seq.*, the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d) and Pennsylvania common law.

      2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, §1332 and §1338 and 15 U.S.C. §1121(a).

      3.     Venue is proper in this Court pursuant to, *inter alia*, 28 U.S.C. §1391(b)(2) and/or (3).

      4.     All of the parties in this action are subject to the personal jurisdiction of this Court and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

5.      Plaintiff, Kelly Phillips Erb ("Erb"), is a nationally well-known attorney and tax expert offering and providing information and services using the registered trademarks TAXGIRL and ASK THE TAXGIRL.

6.      Since at least April 20, 2000, Erb has used the trademark TAXGIRL to provide tax consultation and tax advisory services in interstate commerce in the United States.

7.      On October 30, 2007, Erb registered TAXGIRL as a United States trademark with the United States Patent and Trademark Office (Registration No. 3323087) on the Principal Register in International Class 035 for use in connection with tax consultation and tax advisory services regarding tax news, tax policy and tax information.

8.      Since at least October 15, 2006, Erb has used the trademark ASK THE TAXGIRL in interstate commerce in the United States to provide services related to tax and taxation planning, advice, information and consultancy.

9.      On March 2, 2010, Erb registered ASK THE TAXGIRL as a United States trademark with the United States Patent and Trademark Office (Registration No. 3754414) on the Principal Register in International Class 035.

10.     Erb's trademarks TAXGIRL and ASK THE TAXGIRL have become incontestable by virtue of being registered and used continuously in commerce for more than five years without challenge by a third party (see 15 USC §1065), and

2

therefore  are deemed to be inherently distinctive or to have acquired secondary meaning.

11.    Erb regularly writes about tax and publishes tax information and advice in her TaxGirl blog at her domain taxgirl.com, established in 2005.  Erb's blog content, which is also appears on forbes.com under the TAXGIRL brand, has attracted over 35 million views since 2011.

12.    In 2011, 2012, 2013 and 2014, the American Bar Association named Erb's TaxGirl blog as one of the top 100 law blogs and included Erb's blog in its Blawg Hall of Fame in 2013 for Erb's consistency in providing outstanding content.  In 2015, Erb's TaxGirl blog was named one of the best tax blogs by WalletHub.

13.    Using the TAXGIRL mark and under the TAXGIRL brand, Erb is a regular contributor to forbes.com, has written articles for national audiences for Trulia, Reuters, Time and AOL's WalletPop, provided content for nationwide distribution by Esquire, National Public Radio's Marketplace and CBS Radio's Marketwatch, Inc.

14.    In 2012, Erb released the book *Ask the TaxGirl: Everything Parents Should Know About Taxes*, which is available for sale at Amazon.com and through other national retailers.

15.    Erb markets and offers her services extensively throughout the United States on the internet using TAXGIRL and ASK THE TAXGIRL, including on Twitter (twitter.com/taxgirl), where she has more than 30,500 followers, and on YouTube (youtube.com/taxgirl) and Facebook (facebook.com/taxgirl), Pinterest, Tumbler and LinkedIn.   Erb also produces a TaxGirl podcast available though iTunes and other sources.

16.    In response to the strong following and praise for Erb's services and advice, Erb sells merchandise branded with the TAXGIRL trademark through cafepress.com, including t-shirts, stickers and mugs.

17.    Since adopting the mark TAXGIRL in 2000, Erb has made a substantial investment in advertising and marketing that name so as to create a distinct commercial impression on consumers, differentiate her services from her competitors and establish goodwill in that mark.

18.    Erb has become nationally well-known and developed a positive reputation using the TAXGIRL and ASK THE TAXGIRL marks, including by earning numerous awards for her TaxGirl blog and obtaining a five star rating at Amazon.com for her book *Ask the TaxGirl: Everything Parents Should Know About Taxes*.

4

19.    By writing and speaking under the TAXGIRL mark nationwide and promoting the TAXGIRL brand over the past 15 years, Erb has become strongly associated with the TAXGIRL mark and is generally known as TAXGIRL.

20.    As an attorney and tax expert with a significant business presence on the internet, Erb has a particular interest in protecting her reputation, preserving the strength of the TAXGIRL mark and maintaining the goodwill established by her in the TAXGIRL and ASK THE TAXGIRL marks.

21.    The use by any third party of a mark confusingly similar to Erb's TAXGIRL and ASK THE TAXGIRL marks would cause harm to Erb by causing mistake, confusion or deception regarding source or sponsorship, diluting Erb's marks, injuring Erb's positive reputation as a tax expert and damaging the goodwill in Erb's marks.

22.    Defendant, Nerdy Girl Enterprises, Inc. ("Nerdy Girl"), is a California corporation formed in 2014 offering tax advice, tax preparation, accounting and bookkeeping services under the trade names Tax Girls and TaxGirls.com.

23.    On or about June 10, 2014, Nerdy Girl registered Tax Girls and TaxGirls.com as trade names with the Sonoma County, California clerk.

24.    Nerdy Girl uses the domain taxgirls.com, either as the registrant or pursuant to an agreement with the registrant, to advertise its tax advice, tax preparation, accounting and bookkeeping services.

25.    Except for the addition of an "s" to Nerdy Girl's Tax Girls trade name, its trade name is identical to Erb's trademark TAXGIRL, which has been used by Erb in interstate commerce since 2000 and registered as a United States trademark by Erb in 2007.

26.    Except for the addition of an "s" to Nerdy Girl's TaxGirls.com domain, its domain is identical to Erb's domain taxgirl.com, which Erb registered in 2006.

27.    In addition to its website, Nerdy Girl uses its Tax Girls and TaxGirls.com trade names to advertise and offer its services on various websites, including      Twitter      (www.twitter.com/TaxgirlsCom)      and      Facebook (www.facebook.com/taxgirlscom), where Nerdy Girl posts links to tax information and advice similar to the content generated by Erb.

28.    Nerdy Girl maintains a blog at its taxgirls.com domain that provides content similar to Erb's blog content, namely information and advice regarding tax.

29.    Nerdy Girl's use of Tax Girls and TaxGirls.com is without license, consent, authorization or permission from Erb.

30.    Nerdy Girl advertises its services throughout the United States and in the Eastern District of Pennsylvania and conducts business in Pennsylvania by virtue of targeting and offering its services to Pennsylvania residents.

31.     Defendant's conduct has been intentionally and purposefully directed by Nerdy Girl to the Eastern District of Pennsylvania and has had a significant effect on Erb in the Eastern District of Pennsylvania.

32.     At the time Nerdy Girl was formed and registered the trade names Tax Girls and TaxGirls.com in 2014, Erb had been using TAXGIRL for nearly 14 years, owned an incontestable United States trademark registration for TAXGIRL and had become a nationally well-known speaker, author and expert on the subject of tax throughout the United States.

33.     Given that Erb has been well-known as TAXGIRL for nearly 15 years, Nerdy Girl could not have been unaware of Erb's use of TAXGIRL and ASK THE TAXGIRL when it adopted the Tax Girls and TaxGirls.com trade names and registered its domain at taxgirls.com.

34.     The registration of TAXGIRL and ASK THE TAXGIRL as trademarks with the United States Patent and Trademark Office years prior to Nerdy Girl's formation provided constructive notice to Nerdy Girl that Erb had been using TAXGIRL as a trademark since 2000.

35.     Given Erb's substantial and long-time online presence at the websites of various national media outlets and her own domain taxgirl.com, Nerdy Girl could not have been unaware at the time adopted the Tax Girls and TaxGirls.com trade names and registered its domain at taxgirls.com.

7

36.     By adopting and using the Tax Girls and TaxGirls.com trade names and registering the taxgirls.com domain, Nerdy Girl intended to trade on the recognition and goodwill of TAXGIRL and ASK THE TAXGIRL established by Erb and to capitalize on Erb's well-known domain taxgirl.com.

37.     By using the Tax Girls and TaxGirls.com trade names and registering the taxgirls.com domain, Nerdy Girl intended to disrupt Erb's business and attract visitors to its own domain for commercial gain by causing mistake or confusion as to the source of its services.

38.     By using the Tax Girls and TaxGirls.com trade names and registering the taxgirls.com domain, Nerdy Girl intended to trade on the goodwill, fame and recognition established in TAXGIRL and ASK THE TAXGIRL by Erb over the last 15 years.

39.     Nerdy Girl's actions were willful and deliberate, and Nerdy Girl could not have been unaware of Erb's use of TAXGIRL and ASK THE TAXGIRL at the time that Nerdy Girl adopted Tax Girls and TaxGirls.com as its trade names and registered taxgirls.com as its domain.

40.     On or about February 11, 2015, Erb contacted Nerdy Girl by email to request that Nerdy Girl end or limit its use of Tax Girls and taxgirls.com to advertise and offer services that are similar to and compete with Erb's services.

41.    Nerdy Girl replied to Erb's request by stating that it had no intention to end or limit its use of Tax Girls and/or taxgirls.com.

42.    On March 21, 2015, Erb's counsel sent Nerdy Girl a cease and desist letter demanding that Nerdy Girl end its use of taxgirls.com and any trade name or trademark confusingly similar to Erb's TAXGIRL and ASK THE TAXGIRL marks.  A copy of the March 21, 2015 letter to Nerdy Girl is attached hereto as Exhibit "A."

43.    Nerdy Girl, by and through its agent Michelle Luevano, responded to the March 21, 2015 cease and desist letter by email on March 23, 2015 by making an unsolicited offer to sell the taxgirls.com domain to Erb for $440,000.00 and refused to stop using Erb's TAXGIRL trademark unless it was paid to do so.  A copy of the March 23, 2015 email from Nerdy Girl's agent and representative Michelle Leuvano is attached hereto as Exhibit "B."

44.    Erb did not respond to Nerdy Girl's offer to sell its domain or trade name.

45.    On June 5, 2015, Erb filed a complaint against Nerdy Girl with the World Intellectual Property Organization Arbitration and Mediation Panel ("WIPO") pursuant to the Uniform Domain Name Dispute Resolution Policy (No. D-2015-0958), seeking cancellation or transfer of Nerdy Girl's registration of taxgirls.com.

46.     On July 15, 2015, the arbitrator appointed by WIPO issued a decision on the Uniform Domain Name Dispute Resolution Policy complaint in favor of Erb and ordering transfer of Nerdy Girl's taxgirls.com domain to Erb.  A copy of WIPO's July 15, 2015 decision is attached hereto as Exhibit "C."

47.     WIPO determined that Nerdy Girl's domain taxgirls.com "is identical to [Erb's] mark except for the addition of the letter "s[]" … which, in the Panel's view, does very little to reduce the confusing similarity between [Erb's] mark and [Nerdy Girl's] Domain Name. <u>See</u> Exhibit "C" at ¶6(A).

48.     WIPO concluded that Nerdy Girl has no legitimate rights or interest in the taxgirls.com domain because Nerdy Girl "is clearly targeting [Erb's] business. … [Erb] and [Nerdy Girl] both use the Internet in furtherance of their respective businesses, and those businesses overlap considerably in their scope." <u>See</u> Exhibit "C" at ¶6(B).

49.     WIPO rejected Nerdy Girl's contention that it does not offer services in the same geographic area as Erb, noting that

> the fact that [Nerdy Girl] claims to operate in, and target, a geographic clientele nearly 2,000 miles from [Erb's] office means little in the context of the Internet.  Indeed, on one exhibit [Nerdy Girl] put into the record, [Nerdy Girl] purports to offer its various services "across the U.S."

<u>See</u> Exhibit "C" at ¶6(B).

50.   Finally, WIPO found that Nerdy Girl registered and uses its taxgirls.com domain in bad faith, in part because

> ...it [is] more likely than not ... that [Nerdy Girl] had [Erb's] TAXGIRL mark in mind when registering the Domain Name in 2012. [Nerdy Girl's] assertion to the contrary is rejected as implausible under the circumstances here.   [Erb's] renown under the TAXGIRL mark appears to be fairly extensive, at least within the community of accountants and tax professionals. ... [Nerdy Girl's] discrepancies, internal inconsistencies, and reckless comments undermine [Nerdy Girl's] statements, and hence make it difficult for the Panel to accept the already implausible assertion that [Nerdy Girl], a tax and accounting professional, did not target [Erb's] mark when registering the Domain Name.

See Exhibit "C" at ¶6(C).

51.   As a result of WIPO's determination in favor of Erb, the registrar of Nerdy Girl's domain must transfer the domain to Erb.   That transfer is pending, and, as of the filing of this Complaint, Nerdy Girls is still the registrant and user of taxgirls.com.

52.   After the filing of Erb's complaint pursuant to the Uniform Domain Name Dispute Resolution Policy, Nerdy Girl launched a campaign to defame, disparage and harass Erb and to cause injury to Erb's reputation and the goodwill in Erb's marks.

53.   On June 8, 2015, Erb received an anonymous comment on her blog at taxgirl.com from an internet protocol address in Santa Rosa, California, where

Nerdy Girl is located, calling Erb a "skank."  It is believed and therefore averred that this email was sent by an agent or representative of Nerdy Girl.

54.    On June 19, 2015, Nerdy Girl's Twitter account @TaxGirlsCom posted the following tweet, a copy of which is attached hereto as Exhibit "D," that contained Erb's Twitter handle @taxgirl:

> @taxgirl so tell me…as a tax attorney r u familiar with grand larceny?  Because that is what u will be convicted of

55.    On June 27, 2015, Nerdy Girl emailed Erb's counsel to indicate that Nerdy Girl would ask the United States Patent and Trademark Office to "have [Erb's] trademark stripped for abuse."  A copy of the June 27, 2015 email from Nerdy Girl's agent and representative, Michelle Luevano, is attached hereto as Exhibit "E."

56.    Nerdy Girl's June 27, 2015 email to Erb's counsel indicates that if Erb continues to seek a remedy for Nerdy Girl's infringement, Nerdy Girl will "devote nothing but time to see that [Erb] has no trademarks as she uses them in acts of theft fraud and abuse of the mark itself."  See Exhibit "E."

57.    On June 30, 2015, Nerdy Girl's agent and representative, Michelle Luevano, again emailed Erb's counsel to claim that Erb's position

> sounds like rape I have ever heard it [sic].  The only difference is ur client is asking me to put myself, my children and my livelihood at the submission of some strange woman who wants to rape our future.

A copy of the June 30, 2015 email from Nerdy Girl's agent and representative, Michelle Luevano, is attached hereto as Exhibit "F."

58.    In apparent response to Erb's filing of a complaint pursuant to the Uniform Domain Name Dispute Resolution Policy, on or about July 3, 2015, Nerdy Girl posted defamatory content about Erb to its blog at taxgirls.com.   A copy of the content posted by Nerdy Girl to its blog at taxgirls.com is attached hereto as Exhibit "G."

59.    In its blog post, Nerdy Girl indicated that

> Kelly Erb aka TAXGIRL is what one would call a CrumbSnatcher. … a person who can't do shit on his own so he steals whats left over such as: old girlfriends, pick-up lines, raps, copies your artwork etc. … awaiting word on whether [K]elly Erb the crumb snatcher can [a]ctually commit grand larceny this way.

60.    Nerdy Girl ensured that the defamatory content posted to its website on or about July 3, 2015 was widely disseminated to the public by posting multiple links to that defamatory content on its Twitter feed at www.twitter.com/taxgirlscom.   A copy of the tweets by Nerdy Girl containing links to the defamatory content is attached hereto as Exhibit "H."

61.    On or about July 3, 2015, Nerdy Girl posted defamatory content about Erb to its Facebook page.

62.     The campaign of defamation, disparagement and harassment carried out by Nerdy Girl, including Nerdy Girl's "reckless statements" noted by WIPO (see Exhibit "C" at ¶6(C)) has caused and is likely to continue to cause harm to Erb's positive reputation as a tax expert, has tarnished and will continue to tarnish Erb's marks and has injured and will continue to injure the goodwill established by Erb in her marks.

63.     Erb is likely to continue to suffer harm as a result of Nerdy Girl's conduct until this Court intervenes to prohibit Nerdy Girl's infringement and defamation.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

64.     The averments of Paragraphs 1 through 63 above are incorporated herein by reference as if set forth in their entirety.

65.     Erb is the exclusive owner of all right, title and interest in the trademarks TAXGIRL (Registration No. 3323087) and ASK THE TAXGIRL (Registration No. 3754414).

66.     Erb was the first party to adopt TAXGIRL and ASK THE TAXGIRL and to use those marks in commerce.

67.    Erb has used TAXGIRL as a trademark in interstate commerce since at least April 20, 2000 and has used ASK THE TAXGIRL as a trademark in interstate commerce since at least October 15, 2006.

68.    Erb's trademark registrations for TAXGIRL and ASK THE TAXGIRL have become incontestable and are conclusive evidence of the validity of those marks, the registration of those marks, of Erb's ownership of those marks, and of Erb's exclusive right to use those marks in commerce.  See 15 U.S.C. §1115(b).

69.    As noted by WIPO, Erb's renown under the TAXGIRL mark is extensive among accountants and tax professionals.  See Exhibit "C" at ¶6(C).

70.    Since at least May 2014, Nerdy Girl has used Tax Girls, TaxGirls.com and/or other marks substantially and confusingly similar to TAXGIRL and ASK THE TAXGIRL in interstate commerce in the United States and in Pennsylvania in connection with its advertising and offering of services identical or substantially similar to the services offered by Erb.

71.    WIPO recognized that Nerdy Girl offers services similar to those offered by Erb and offers its services in the same geographic regions as Erb, especially given both parties' extensive use of the internet to market and offer their respective services.  See Exhibit "C" at ¶6(B).

15

72.    Nerdy Girl's use of the trade names Tax Girls and TaxGirls.com is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact as used in connection with the advertising and offering of Nerdy Girl's services.

73.    Nerdy Girl uses Tax Girls and TaxGirls.com in commercial advertising or promotion to misrepresent the nature, characteristics, qualities and origin of its services and commercial activities.

74.    Nerdy Girl's use of Tax Girls and TaxGirls.com in commerce is a reproduction, counterfeit, copy or colorable imitation of Erb's registered marks.

75.    Nerdy Girl's use of Tax Girls and TaxGirls.com and/or other marks substantially and confusingly similar to Erb's registered marks has caused and is likely to continue to cause confusion or mistake or to deceive.

76.    Among other things, Nerdy Girl's use of Tax Girls and TaxGirls.com to advertise, provide information about and offer services similar or identical to those provided and/or offered by Erb is likely cause confusion or mistake or to deceive the public regarding the source or origination of Erb's and Nerdy Girl's respective services.

77.    Among other things, Nerdy Girl's use of Tax Girls and TaxGirls.com to advertise, provide information about and offer services similar or identical to those provided and/or offered by Erb is likely cause confusion or mistake or to

deceive the public regarding a sponsorship, affiliation, endorsement, association, approval or other connection between Erb and Nerdy Girl that does not exist.

78.     Nerdy Girl's use of Tax Girls and TaxGirls.com or marks substantially similar thereto has caused confusion, mistake or deception and is likely to continue to cause confusion, mistake or deception.

79.     Nerdy Girl's use of Tax Girls and TaxGirls.com or marks substantially similar thereto is likely to create confusion because of, among other things, the similarity of the information and services offered by Erb and Nerdy Girl and the common trade, marketing and distribution channels in which the parties' respective goods and services are advertised and offered.

80.     Nerdy Girl's use of Tax Girls and TaxGirls.com or marks substantially similar thereto constitutes infringement of Erb's rights in the registered and incontestable marks TAXGIRL and ASK THE TAXGIRL.

81.     Nerdy Girl's use of Tax Girls and TaxGirls.com is likely to tarnish and dilute the positive reputation and goodwill associated with Erb established through Erb's use of her TAXGIRL and ASK THE TAXGIRL marks.

82.     Nerdy Girl is liable to Erb pursuant to the Lanham Act, including but not limited to 15 U.S.C. §1114, for its trademark infringement.

83.     Nerdy Girl's infringement is willful, intentional, deliberate and/or purposeful and is committed in a knowing attempt to trade on Erb's fame and

reputation and the goodwill established by Erb in the TAXGIRL and ASK THE TAXGIRL marks.

84.     Erb is entitled to recover all damages and costs from Nerdy Girl available pursuant to 15 U.S.C. §1117, including Nerdy Girl's profits, damages sustained by Erb and the costs of this action.

85.     Alternatively, pursuant to 15 U.S.C. §1117, Erb may elect to recover from Nerdy Girl up to $1,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale or distributed by Nerdy Girl as a result of Nerdy Girl's willful infringement of Erb's registered marks.

## COUNT II

## ANTICYBERSQUATTING CONSUMER PROTECTION ACT

86.     The averments of Paragraphs 1 through 85 above are incorporated herein by reference as if set forth in their entirety.

87.     Although WIPO has ordered that Nerdy Girl's taxgirls.com domain be transferred to Erb (see Exhibit "C"), as of the filing of this Complaint Nerdy Girl is the registrant and user of the domain taxgirls.com.

88.     The domain taxgirls.com was registered by Tax Girls, a trade name of Nerdy Girl, and is used by Nerdy Girl.

89.    The domain taxgirls.com was initially registered on January 19, 2012 by a predecessor or assignor of Nerdy Girl, and the domain registration has been transferred or assigned to Nerdy Girl for Nerdy Girl's sole and exclusive use.

90.    To the extent Nerdy Girl claims that it is not the registrant of the domain taxgirls.com but rather a licensee of the registrant, Nerdy Girl is nevertheless liable to Erb pursuant to 15 U.S.C. §1125(d)(1)(D).

91.    Nerdy Girl began using the domain taxgirls.com at least as early as May 2014, at which time Erb had been using the mark TAXGIRL in commerce for more than 14 years and as a registered trademark since 2007 and an incontestable registered trademark since 2012.

92.    When Nerdy Girl was formed and began using taxgirls.com in May 2014, Erb had been the registrant and user of the taxgirl.com domain for eight years and was a nationally well-known tax expert, author and speaker on tax under the TAXGIRL brand.

93.    At the time it registered and/or began to use taxgirls.com, Nerdy Girl knew that Erb was the owner of the marks TAXGIRL and ASK THE TAXGIRL.

94.    At the time Nerdy Girl registered and/or began to use taxgirls.com, Erb's TAXGIRL mark was incontestable, distinctive and/or famous.

95.   At the time it registered and/or began to use taxgirls.com, Nerdy Girl knew that Erb was the sole and exclusive owner of the TAXGIRL and ASK THE TAXGIRL marks and that Nerdy Girl had no right, title or interest in those marks.

96.   Nerdy Girl's taxgirls.com domain is identical to Erb's registered mark TAXGIRL except for the addition of an "s" to Nerdy Girl's domain, incorporates the entirety of Erb's mark and is confusingly similar to Erb's mark.

97.   Nerdy Girl's registration and use of taxgirls.com is an infringement upon Erb's registered mark TAXGIRL and is dilutive of Erb's mark.

98.   Nerdy Girl's registration and use of taxgirls.com is an attempt to divert internet users seeking Erb to Nerdy Girl's website.

99.   The fact that Nerdy Girl uses its taxgirls.com domain to advertise and offer information and services similar or identical to those offered by Erb causes confusion, mistake or deception among visitors to Nerdy Girl's website.

100.   Nerdy Girl registered and uses its taxgirls.com domain for the purpose of intentionally diverting consumers from Erb's website to Nerdy Girl's website, which advertises and offers and sells information and services in competition with Erb.

101.   Nerdy Girl's registration and use of its taxgirls.com domain causes or is likely to cause visitors to that website to be confused, mistaken or deceived

about the source or origination of Nerdy Girl's services and/or that Nerdy Girl's services origination from Erb.

102.   Nerdy Girl's registration and use of its taxgirls.com domain causes or is likely to cause visitors to that website to be confused, mistaken or deceived regarding a sponsorship, affiliation, endorsement, association, approval or other connection between Erb and Nerdy Girl that does not exist.

103.   Nerdy Girl's registration and use of its taxgirls.com domain causes or is likely to cause visitors seeking Erb to instead be diverted or directed to Nerdy Girl's website.

104.   Nerdy Girl's addition of an "s" to Erb's TAXGIRL mark and Erb's taxgirl.com domain does not cure Nerdy Girl's infringing use of Erb's mark and does not eliminate or avoid confusion, mistake, deception or dilution.

105.   Nerdy Girl's use of the taxgirls.com domain is entirely commercial and is used to offer information and services that are identical to or similar to those offered by Erb at taxgirl.com and elsewhere using Erb's TAXGIRL mark.

106.   Nerdy Girl's use of the taxgirls.com domain is not fair use.

107.   Nerdy Girl's registration and use of its taxgirls.com domain harms the goodwill established by Erb in the TAXGIRL mark.

108.   Nerdy Girl's registration and use of taxgirls.com is for the purpose of or results in commercial gain to Nerdy Girl.

109.   By registering and using taxgirls.com, Nerdy Girl has intentionally tarnished or disparaged Erb's TAXGIRL mark by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Nerdy Girl's website and the information and services  advertised and offered at Nerdy Girl's website.

110.   Nerdy Girl's registration and use of taxgirls.com was motivated by a bad faith and an attempt to profit from Erb's TAXGIRL mark and Erb's use of taxgirl.com.

111.   Nerdy Girl's bad faith and wrongful conduct is evidenced by its unsolicited offer to sell its domain to Erb for $440,000.00, a price that bears no relationship to the market value of that domain.

112.   Erb has suffered damages as a result of Nerdy Girl's registration and use of taxgirls.com.

113.   Nerdy Girl's conduct is a violation of 15 U.S.C. §1125(d).

114.   Pursuant to 15 U.S.C. §1125(d), Erb is entitled to recover Nerdy Girl's wrongfully gained profits and Erb's damages, or statutory damages of not less than $1,000.00 and not more than $100,000.00, plus attorneys' fees and costs.

115.   Erb is entitled to an injunction prohibiting Nerdy Girl to continue to use its taxgirls.com domain.

116.   Erb is entitled to an order requiring Nerdy Girl to transfer its taxgirls.com domain to Erb or to cancel or forfeit the registration of that domain.

## COUNT III

### DEFAMATION

117.   The averments of Paragraphs 1 through 116 above are incorporated herein by reference as if set forth in their entirety.

118.   Nerdy Girl, by and through its authorized agent and representative Michelle Leuvano and/or others, published statements defamatory to Erb to its website and to Facebook and further published and disseminated those statements on Twitter (see Exhibits "D," "G" and "H").

119.   The defamatory statements made by Nerdy Girl, including but not limited to those in Exhibits "D," "G" and "H" are publications made by Nerdy Girl or its agents or representatives that contains statements defamatory to Erb.

120.   Among the defamatory statements made by Nerdy Girl is its assertion and/or implication that Erb "steals" and/or has "commit[ted] grand larceny" or will be "convicted" of "grand larceny." See Exhibits "D" and "G").

121.   Nerdy Girl intended by the content attached hereto as Exhibits "D" and "G" to characterize Erb as someone who "steals" or "commit[s] grand larceny."

122.   The defamatory statements made by Nerdy Girl was intended to imply or assert that Erb is a thief or has been charged with or will be convicted of a crime.

123.   Nerdy Girl's characterization of Erb as someone who "steals" or "commit[s] grand larceny" is false.

124.   Nerdy Girl knew that the content attached hereto as Exhibits "D" and "G," namely the characterization of Erb as someone who "steals" or "commit[s] grand larceny" were false when made.

125.   The defamatory content attached hereto as Exhibits "D" and "G" was published by Nerdy Girl on the internet, was available to public and was communicated to and received by numerous unknown members of the public.

126.   The content attached hereto as Exhibits "D" and "G" was published by Nerdy Girl with malice or in reckless disregard of the truth or falsity of the statements made therein.

127.   A recipient of the content attached hereto as Exhibits "D" and "G" would understand its defamatory meaning, which is intended to be applied to Erb.

128.   Erb was injured by Nerdy Girl's false and defamatory statements to the public, which has caused actual harm to Erb and to Erb's reputation.

129.   As a tax attorney and tax expert, the false statement that Erb "steals" or will be "convicted" of grand larceny or has "commit[ted] grand larceny" is particularly harmful and damaging to Erb's reputation.

130.   Erb's good name and reputation have been damaged by the defamatory nature of the content attached hereto as Exhibits "D" and "G."

131.   Nerdy Girl's actions were outrageous, egregious, intentional, willful, wanton, deliberate and reckless and were not privileged.

132.   Nerdy Girl's defamatory statements were published in Pennsylvania, were available to and received by residents of Pennsylvania and were intended to be applied to Erb, a resident of Pennsylvania.

133.   Nerdy Girl knew when it defamed Erb that its defamation was directed to Pennsylvania and intended for its defamatory statements to be directed to and cause harm in Pennsylvania.

134.   Erb has suffered special harm in the form of actual damage to her reputation, harm to her earning capacity, harm to her standing in the community, public humiliation and embarrassment.

135.   Erb has suffered damages of at least $75,000.00 as a result of Nerdy Girl's defamatory statements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kelly Phillips Erb, respectfully request that:

1.     The Court enter judgment finding that Defendant, Nerdy Girl Enterprises, Inc.:

   a.     has infringed Plaintiff's trademark rights in violation of the Lanham Act, 15 U.S.C. §1114;

   b.     has violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and

   c.     is liable to Plaintiff for defamation pursuant to Pennsylvania law.

2.     The Court enter a preliminary and permanent injunction enjoining Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, from:

   a.     further commercial use of TAXGIRL, ASK THE TAXGIRL or any mark substantially and confusingly similar thereto, either alone or in combination with other words, names or symbols, on or in connection with the advertising or offering of information and services related to tax;

   b.     engaging in conduct that falsely represents the origin, sponsorship or approval Defendant's information and services;

26

c.      engaging in conduct that causes or is likely to cause confusion or mistake or deception regarding the origin of Defendant's information or services or the existence of a sponsorship, association, affiliation or connection between Plaintiff's and Defendant's respective services, or that causes the mistaken belief by the public that there is a relation, association, affiliation or connection between Plaintiff and Defendant;

d.      further use of the taxgirls.com domain and any other domain incorporating TAXGIRL or any confusingly similar variation thereof, and requiring Defendant to transfer any and all such domains owned or controlled by Defendant to Plaintiff.

3.      The Court award such other relief as the Court may deem appropriate to prevent consumers, the public and/or participants in the parties' trade and industry from deriving any erroneous impression that any information or services advertised, offered or by Defendant has been approved or authorized by Plaintiff or is related in any way to Plaintiff;

4.      The Court award actual, multiple, exemplary, enhanced, statutory and/or punitive damages, interest and an accounting of and disgorgement of Defendant's profits, for violations of the Lanham Act;

5.      The Court awards interest, including pre- and post-judgment interest, costs of this action and Plaintiff's attorneys' fees; and

6.     The Court provides such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Kelly Phillips Erb, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Dated:  July 23, 2015               By:

Ryan P. Siney
Kevin Hall
2 Lemoyne Drive, Suite 200
Lemoyne, PA 17043
Telephone:  (717) 234-4121
Fax: (717) 232-6802
Email: rsiney@tuckerlaw.com
        khall@tuckerlaw.com

*Of counsel, motion for admission pro hac vice forthcoming:*

THE KELLER LAW FIRM, LLC

By: Kelley C. Keller
35 East High Street, Suite 204
Carlisle, PA  17013
Telephone: (717) 386-5035
Fax: (717) 237-7317
Email: kkeller@thekellerlawfirm.com

HBGDB:152033-1 030580-170245

28