EXHIBIT "A"



**THE KELLER LAW FIRM**

*Mailing Address:*
35 E. High Street, Suite 204
Carlisle, PA 17013
(717) 386-5035
www.thekellerlawfirm.com

**KELLEY KELLER, ESQ.**⁴
President
kkeller@thekellerlawfirm.com
*⁴Not licensed in PA. Practice limited to federal intellectual property matters pursuant to Virginia license.*

**VIA CERTIFIED MAIL**

March 21, 2015

Michelle Luevano
Founder
Nerdy Girl Enterprises, Inc. DBA TaxGirls.com
740 Fourth Street
Suite 114
Santa Rosa, CA  95404

     Re:    **TAXGIRLS.COM and TAX GIRLS**

Dear Ms. Luevano:

     We represent Kelly Phillips Erb ("Phillips Erb" and/or "client") in connection with trademark and unfair competition matters.

     On or about February 11, 2015, our client reached out to you via email to request that you cease and desist use of the TAXGIRLS.COM and TAX GIRLS marks in connection with your tax and accounting business, Nerdy Girl Enterprises, Inc. DBA TaxGirls.com.  Your email response on the same day indicated that you have no intention to stop using the TAXGIRLS.COM and TAX GIRLS marks or to respect our client's federal trademark rights in the nearly identical mark TAXGIRL.  Accordingly, we have been retained to pursue the issue to conclusion.

     Kelly Phillips Erb is the owner of all right, title, and interest in and to the trademarks TAXGIRL and ASK THE TAXGIRL, including U.S. Trademark Registration Nos. 3323087 and 3754414, for the marks respectively.  Copies of these registrations are enclosed for your reference.  Furthermore, Phillips Erb's registered rights in the TAXGIRL mark are now incontestable.

     As you may know, our client is a nationally acclaimed tax expert and tax attorney, widely known as the TAXGIRL, and author of the popular TAXGIRL blog for Forbes.com.  She is a prolific writer on tax matters and is frequently called upon to comment on tax news and policy by various media outlets, including, for example, CNNMoney.com, Reuters, Time and AOL's WalletPop, National Public Radio's Marketplace, ABCNews.com, and CBS Radio.

0 ° ß • /\2

Phillips Erb has a substantial presence on the Internet as the TAXGIRL by virtue of her above-referenced TAXGIRL blog, the popular website www.taxgirl.com, now syndicated with Forbes, nearly 30,000 Twitter followers www.twitter.com/taxgirl, and nearly 7,000 "likes" on her Facebook page www.facebook.com/taxgirl, among others. Additionally, she consistently ranks at the top of Internet search engines for "TaxGirl." Through continuous and systematic use of the mark TAXGIRL since April 2000, she has developed substantial goodwill and commercial value in the TAXGIRL mark.

As you know, our client recently learned that you and your company, Nerdy Girl Enterprises, Inc. (collectively "you" or "your") are doing business as TaxGirls.com and/or TaxGirls and are offering various tax and tax related services to the public under that name. The records at the Sonoma County, California Clerk's Office indicate that you applied for and received a fictitious name registration for TAXGIRLS.COM and TAX GIRLS on or about June 10, 2014. If we assume that you began using the marks TAXGIRLS.COM and TAX GIRLS immediately or soon after this date, fourteen (14) years after Phillips Erb commenced use of the TAXGIRL mark, our client has superior rights in the TAXGIRL mark that vested long before you began using the TAXGIRLS.COM and TAX GIRLS marks. Moreover, the federal trademark registration for TAXGIRL issued more than five (5) years before you commenced use of the TAXGIRLS.COM and TAX GIRLS marks, providing you and your company with constructive notice of our client's prior rights.

In view of these prior rights, the fact that the TAXGIRL.COM and TAX GIRLS marks are virtually identical (distinguished only by tense), the services are identical, the channels of commerce for the respective services are identical, and the class of consumers who purchase the respective services is identical, your use of the TAXGIRLS.COM and TAX GIRLS marks has already caused confusion in the marketplace and continuing use is likely to cause further confusion and dilute the distinctiveness of the mark TAXGIRL, which is properly owned by our client. Phillips Erb has never given you permission to use the TAXGIRLS.COM or TAX GIRLS marks, or any derivation thereof, in connection with providing tax planning, preparation, consultancy or related services.

We believe that your continued concurrent use of the TAXGIRLS.COM and TAX GIRLS marks in the United States constitutes willful trademark infringement and unfair competition in violation of the Federal Lanham Act, 15 U.S.C. §§ 1051 *et seq*, among other causes of actions arising under Federal and state laws. Your actions expose you to injunctive relief, monetary damages, disgorgement of profits, reimbursement of our client's attorneys' fees and costs, treble damages, and punitive damages.

In view of the above, on behalf of our client, we must demand that you:

1.      Transfer the domain <taxgirls.com> to our client.

2.      Change your company's name to remove TAXGIRLS.COM or TAX GIRLS, or any colorable imitation, and terminate all fictitious and assumed name filings made by you, your company or its affiliates, which contain the term "Tax Girls" in any form.

3.      Cease and desist use of the TAXGIRLS.COM and TAX GIRLS marks, or any colorable imitation thereof, for tax planning, preparation, consultancy, and related services in the United States, both on and offline, so that the consuming public will no longer be exposed to these infringing uses.  This includes, without limitation, any and all use on or in connection with the website located at www.taxgirls.com; any links or references to that website over which you have control; social media platforms, including, for example, Facebook, Twitter, Google+, YouTube, and Pinterest; marketing, advertising, and promotional materials whether in print or digital form; and Internet search engines bearing the marks TAXGIRLS.COM and/or TAX GIRLS in any form, whether unitary, composite, plural or singular, with or without design elements, with or without the domain extension .com, or otherwise.

4.      Agree to never register or own a URL that incorporates the words "Tax" and "Girl" in any form, including domain name registrations and social media usernames.

5.      Provide this office with a copy of all materials and information relating to your use of the marks TAXGIRLS.COM and TAX GIRLS in any form, including color copies of all marketing, advertising, and promotional materials that use the marks, including, without limitation, all webpages, catalogs, brochures, marketing emails, and all other forms of advertising, marketing or promotion, including, without limitation, postings on Twitter, Facebook, Pinterest and/or any other form of social media.

6.      Immediately preserve exact color copies of all of your websites, webpages, and all other forms of advertising, marketing, and promotion, as they exist and appear now, before any changes are made, which refer or contain references to the TAXGIRLS.COM and TAX GIRLS marks.

7.      Immediately preserve all other physical and electronic documents, materials, and data in your possession, custody, or control that are or might be relevant or related to the foregoing matters.

Our client trusts that this matter will be resolved promptly and amicably.  With your prompt cooperation, Phillips Erb is willing to allow a reasonable period of time (e.g. 30 days) for you to transition to a new company name and identity.

However, if you fail to advise us by **March 31, 2015** that you will comply with the foregoing demands, then we will assume that your continued use of TAXGIRLS.COM and TAX GIRLS is deliberate and that you do not intend to cooperate.  In that event, our client may, without further notice to you, take further legal action to assert her rights and pursue remedies available to protect her interests, including recovery for past infringements.

We look forward to your prompt response to this letter and anticipate a swift and amicable resolution of this matter.

This letter is not intended as a full statement of all facts relating to this matter, nor should anything herein be construed as a waiver, release or relinquishment of any rights, remedies, claims or causes of action available to my client, all of which are reserved.  This letter is confidential and constitutes an offer of compromise pursuant to Federal Rules of Evidence, Rule 408, *et seq.*, and any related legal authorities.  As such, this letter may not be disseminated to anyone outside of your client's company or its legal representatives, and may not be used in any legal proceeding for any purposes.

Sincerely,

THE KELLER LAW FIRM, LLC

Kelley C. Keller, Esq.

cc:    Kelly Phillips Erb, Esq.

Encl.  U.S. Trademark Reg. Nos.3323087 and 3754414

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Michelle Luevano [michelle@taxgirls.com] |
| **Sent:** | Monday, March 23, 2015 5:03 PM |
| **To:** | Kelley Keller |
| **Cc:** | info@taxgirls.com |
| **Subject:** | [SPAM?]  Re: Trademark Infringement:  TAXGIRLS.COM and TAX GIRLS |
| | |
| **Importance:** | Low |

Would be happy to sell you our domain and book of business using that domain for going price at $440,000. Until u make a full legitimate offer worth my review any further contact from you constitutes as harassment and solicitation and you are requested to cease and decease today. Thanks and have a happy tax season

Michelle Luevano
Accountant & QuickBooks Certified ProAdvisor
Nerdy Girl Enterprises Inc
Dba TaxGirls.com & BookkeeperGirls.com

On Mar 23, 2015, at 1:44 PM, Kelley Keller <kkeller@thekellerlawfirm.com> wrote:

> Ms. Luevano –
> Please find attached an electronic copy of correspondence also sent to you via certified mail in
> connection with your use of TAXGIRLS.COM and TAX GIRLS.
> Thank you,
> **KELLEY KELLER, ESQ.,** President
> Phone: (717) 386-5035
> Email: kkeller@thekellerlawfirm.com
> Website: www.TheKellerLawFirm.com
> Follow me on LinkedIn: www.linkedin.com/in/KelleyKeller
> *Note: Attorney Keller is licensed in Virginia only and limits her practice solely to federal matters. She is
> not licensed to practice Pennsylvania state law.*
> *Disclaimer: This e-mail is sent by a law firm and may contain information that is confidential, protected,
> or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and
> notify us by e-mail or phone immediately. Thank you.*

# EXHIBIT "C"



**WIPO**
WORLD
INTELLECTUAL PROPERTY
ORGANIZATION

ARBITRATION
AND
MEDIATION CENTER

# ADMINISTRATIVE PANEL DECISION
Kelly Phillips Erb v. Private Registration, Tax Girls, Nerdy Girl Enterprises, Inc
Case No. D2015-0958

## 1. The Parties

Complainant is Kelly Phillips Erb of Paoli, Pennsylvania, United States of America ("United States"),
represented by The Keller Law Firm, LLC, United States.

Respondent is Private Registration, Tax Girls, Nerdy Girl Enterprises, Inc of Santa Rosa, California, United
States, represented internally.

## 2. The Domain Name and Registrar

The disputed domain name <taxgirls.com> (the "Domain Name") is registered with GoDaddy.com, LLC
(the "Registrar").

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on June 5, 2015.
On June 5, 2015, the Center transmitted by email to the Registrar a request for registrar verification in
connection with the Domain Name.  The same day, the Registrar transmitted by email to the Center its
verification response confirming that Respondent is listed as the registrant and providing the contact details.

The Center verified that the Complaint satisfied the formal requirements of the Uniform Domain Name
Dispute Resolution Policy (the "Policy" or "UDRP"), the Rules for Uniform Domain Name Dispute Resolution
Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy
(the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified Respondent of the
Complaint, and the proceedings commenced on June 11, 2015.  In accordance with the Rules,
paragraph 5(a), the due date for Response was July 1, 2015.  The Response was filed with the Center on
June 18, 2015.  Respondent filed a further Response on June 24, 2015.

The Center appointed Robert A. Badgley as the sole panelist in this matter on July 6, 2015.  The Panel finds
that it was properly constituted.  The Panel has submitted the Statement of Acceptance and Declaration of
Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

### 4. Factual Background

Complainant is a tax attorney based in Paoli, Pennsylvania. She provides tax advice to clients, and is a fairly prolific writer and speaker on tax issues. Complainant owns the domain name <taxgirl.com>, and since 2003 has operated a website at that address to post a blog on topics related to taxation. For the past several years, the American Bar Association has named the TaxGirl blog one of the top 100 law blogs.

Complainant also contributes to the well-known business website "www.forbes.com", and has also contributed articles to Trulia, Reuters, Time, and AOL's WalletPop. In 2012, Complainant authored a book *Ask the Tax Girl: Everything Parents Should Know About Taxes.*

Complainant uses her TaxGirl moniker on various social media, including Twitter, Facebook, and YouTube. She also produces a TaxGirl podcast, available through iTunes. Complainant has more than 30,000 Twitter followers.

Complainant has used the mark TAXGIRL to market her tax consultation and advisory services since 2000. In October 2007, Complainant's mark TAXGIRL was registered with the United States Patent and Trademark Office ("USPTO").

Complainant has also used the mark ASK THE TAX GIRL for tax consulting, advice and planning services since 2006, and that mark was registered with the USPTO in March 2010.

Complainant also sells merchandise under the TAXGIRL mark at the "www.cafepress.com" website.

Respondent Nerdy Girl Enterprises, Inc. is a corporation based in Santa Rosa, California. Respondent's chief executive officer is Michelle Luevano, who also formed and is president of a Nevada corporation, Tax Girls Incorporated, which was formed in April 2014. Respondent provides accounting, tax, and payroll services for "small business clients." According to Respondent, in 2014 it earned USD 602,000 "for providing accounting, tax, and payroll services to less than 50 Small Business clients."

Respondent asserts that it has been doing business on a local basis since May 2013, and has used the names "Tax Girls" and "Bookkeeper Girls" for such business.

The Domain Name was registered on January 19, 2012. According to Respondent, the Domain Name was registered "by a 3rd party CPA practice in Southern California named Morgan, Daggett, and Wotman, LLP" in January 2012. Respondent alleges that the Morgan, Daggett firm "approached the Respondent for the purpose of a Joint Venture AFTER registering <taxgirls.com> as it perceived a beneficial relationship with our then Trade Name and Corporate Identity Bookkeeper Girls, Inc. and BookkeeperGirls.com." Respondent alleges that it "began licensing the domain name from the registered owner in Late 2012."

There is no documentation in the record that the Morgan, Daggett and Wotman firm was or is the actual registrant of the Domain Name. Nor is there any affidavit from someone at that firm to corroborate Respondent's assertions.

The WhoIs record for the Domain Name lists the Registrant as "Private Registration." The Registrant Organization, according to WhoIs, is "Tax Girls." The street address and other contact information in the WhoIs record, including the contact email address, matches Respondent's address and contact information, and makes no reference to the Morgan, Daggett and Wotman firm.

The website to which the Domain Name resolves offers accounting, financial statement preparation and bookkeeping services. According to a Sonoma County business register record submitted into the record by Respondent: "Tax girls provides local quickbooks, accounting, and tax on-site support to bay area clients. We also provide a complete virtual bookkeeping solution to small businesses and non-profits across the US at a fraction of the cost of hiring an in-house bookkeeper or CPA."

This business register record also refers to "our team of tax and accounting professionals."

In February 2015, Complainant sent Respondent an email requesting that Respondent cease using the Domain Name to offer competing services. On March 23, 2015, Complainant's counsel sent a cease-and-desist letter to Respondent. That day, Respondent replied by email:

"Would be happy to sell you our domain and book of business using that domain for going price of USD 440,000. Until u make a full legitimate offer worth my review any further contact from you constitutes as harassment and solicitation and you are requested to cease and decease [sic] today. Thanks and have a happy tax season."

Complainant alleges that the same day, "an agent of Respondent also telephoned Complainant's counsel [...] and left a voice mail message indicating that Respondent would not transfer or stop using the disputed domain [name] unless Complainant paid Respondent more than USD 300,000.00 to do so."

## 5. Parties' Contentions

### A. Complainant

Complainant asserts that she has satisfied the three elements required under the Policy for a transfer of the Domain Name.

### B. Respondent

Respondent asserts that the Complaint should be denied. Much of the Response is comprised of attacks on the Complainant and extraneous (and often redundant) material that the Panel does not find central to its decision in this proceeding.

Generally stated, Respondent argues that the Domain Name is not confusingly similar to the TAXGIRL mark because the term "tax girls" is two words used in their descriptive sense, and the mark TAXGIRL has no space. Respondent asserts that it is a legitimate enterprise that provides services to local small businesses, limited to California, Nevada, and Alaska in terms of client base, and Complainant's Pennsylvania-based business is all the way across the United States.

Respondent also asserts that it is not in competition with Complainant because Respondent provides "tax preparation services" to its "already engaged Small Business Clients," whereas Complainant provides "tax advice or tax consultations to the general public."

Respondent asserts that "we had never heard or care to hear about TAXGIRL as the blogger as this party has no significance to us nor have ever been even mentioned from any personal in our presence in the past, present or future." (There is no explanation of how Respondent knows that it had never heard of TAXGIRL in the *future*.)

With respect to the offer to sell the Domain Name for USD 440,000, Respondent asserted that the value of its business (USD 602,000 "annually" and "grow at 15% a month at least") warranted an offer of at least that amount as a matter of good business sense. Moreover, Respondent insists, the offer included the entire business, not just the Domain Name. Finally, Respondent asserts that it is not the actual owner of the Domain Name, the "rightful and current owner" being Morgan, Daggett and Wotman LLP. As such, it had no authority to sell the Domain Name. In Respondent's words, "Respondent has no actual right or possession to sell the domain [name] and in fact is under a term license agreement for the sole use of the domain [name] in question."

Respondent asks that the Complaint be denied and that Complainant be declared guilty of Reverse Domain Name Hijacking.

## 6. Discussion and Findings

Paragraph 4(a) of the Policy lists the three elements which Complainant must satisfy with respect to the Domain Name at issue in this case:

(i)      the Domain Name is identical or confusingly similar to a trademark or service mark in which Complainant has rights;  and

(ii)     Respondent has no rights or legitimate interests in respect of the Domain Name;  and

(iii)    the Domain Name has been registered and is being used in bad faith.

### A. Identical or Confusingly Similar

It is beyond question that Complainant holds trademark rights, through registration and use, in the mark TAXGIRL from 2007 (with first use in commerce in 2000).  The Domain Name is identical to the mark except for the addition of the letter "s."  This "s" has the slight effect of pluralizing the mark, which, in the Panel's view, does very little to reduce the confusing similarity between Complainant's mark and the Domain Name.

The Panel concludes that Policy paragraph 4(a)(i) has been satisfied.

### B. Rights or Legitimate Interests

Pursuant to paragraph 4(c) of the Policy, Respondent may establish its rights or legitimate interests in a Domain Name, among other circumstances, by showing any of the following elements:

(i)      before any notice to you [Respondent] of the dispute, your use of, or demonstrable preparations to use, the Domain Name or a name corresponding to the Domain Name in connection with a *bona fide* offering of goods or services;  or

(ii)     you [Respondent] (as an individual, business, or other organization) have been commonly known by the Domain Name, even if you have acquired no trademark or service mark rights;  or

(iii)    you [Respondent] are making a legitimate noncommercial or fair use of the Domain Name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

In the Panel's view, none of the foregoing bases for establishing rights or legitimate interests in the Domain Name is present here.  Respondent is not making a *bona fide* offering of services.  While the Panel notes that the term "taxgirls" could have a descriptive sense, it appears in this case that Respondent is clearly targeting Complainant's business.  Notwithstanding Respondent's arguments to the contrary, Complainant and Respondent both use the Internet in furtherance of their respective businesses, and those businesses overlap considerably in their scope.  Both parties offer tax services to clients.  Respondent's repeated efforts to depict Complainant as a mere purveyor of "hatchet blogs" and "gossip sites" do not obscure this fact.

Further, the fact that Respondent claims to operate in, and target, a geographic clientele nearly 2,000 miles from Complainant's office means little in the context of the Internet.  Indeed, on one exhibit Respondent put into the record, Respondent purports to offer its various services "across the U.S."

There is no evidence that Respondent has been "commonly known" by the Domain Name, and Respondent even asserts at one point that its tax services are provided to its "already engaged Small Business Clients." The formation of a corporation in Nevada in April 2014 named Tax Girls, Incorporated does not, by itself, establish that Respondent was commonly known by the Domain Name.

Finally, Respondent is not asserting that it is making a noncommercial or fair use of the Domain Name, and the evidence is clear that the Domain Name is being used in conjunction with Respondent's business.

The Panel concludes that Policy paragraph 4(a)(ii) has been satisfied.

## C. Registered and Used in Bad Faith

Paragraph 4(b) of the Policy provides that the following circumstances, "in particular but without limitation," are evidence of the registration and use of a Domain Name in "bad faith":

(i)   circumstances indicating that Respondent has registered or has acquired the Domain Name primarily for the purpose of selling, renting, or otherwise transferring the Domain Name registration to Complainant who is the owner of the trademark or service mark or to a competitor of that Complainant, for valuable consideration in excess of its documented out of pocket costs directly related to the Domain Name;  or

(ii)   that Respondent has registered the Domain Name in order to prevent the owner of the trademark or service mark from reflecting the mark in a corresponding domain name, provided that Respondent has engaged in a pattern of such conduct;  or

(iii)   that Respondent has registered the Domain Name primarily for the purpose of disrupting the business of a competitor;  or

(iv)   that by using the Domain Name, Respondent has intentionally attempted to attract, for commercial gain, Internet users to Respondent's website or other on line location, by creating a likelihood of confusion with Complainant's mark as to the source, sponsorship, affiliation, or endorsement of Respondent's website or location or of a product or service on Respondent's website or location.

The Panel declines to rule on paragraphs 4(b)(i) and 4(b)(iii) above, because it is unnecessary to do so, but notes that these paragraphs could well have formed the basis for a bad faith finding in this case.  There is no issue here under paragraph 4(b)(ii), since there is no showing that Respondent is a serial cybersquatter.

The Panel concludes that Respondent is in bad faith within the meaning of paragraph 4(b)(iv).  The Panel finds it more likely than not under this record that Respondent had Complainant's TAXGIRL mark in mind when registering the Domain Name in 2012.  Respondent's assertion to the contrary is rejected as implausible under the circumstances here.  Complainant's renown under the TAXGIRL mark appears to be fairly extensive, at least within the community of accountants and tax professionals.

Moreover, the Panel finds that Respondent's statements are hard to credit in general in this case.  For example, on the one hand Respondent claims that it is a mere licensee of the Domain Name and has no right to sell it, and on the other hand Respondent makes an offer to sell the Domain Name for USD 440,000.  Whether this offer was limited to selling the business in its entirety or solely the Domain Name misses the point.  Respondent actually offered to sell the Domain Name despite, by Respondent's own account, having no authority to do so.

Somewhat relatedly is the confusion in the record as respects the ownership of the Domain Name.  If the "rightful and current owner" is the Morgan Daggett and Wotman firm from southern California, why does the Whois record show the Registrant as "Private Registrant" and why do all of the registrant contact details match Respondent's street address and email address?  Why is there no evidence in the record, such as an affidavit from a representative of the Morgan Daggett and Wotman firm or the supposed license agreement itself, to corroborate the claim that Respondent is not the actual owner of the Domain Name?

Further, Respondent claims to have a "very localized client base in Santa Rosa, CA", but boasts in at least one document that it provides services "across the U.S.".

At one point, Respondent refers to the 50 local businesses it serves, and then states: "None of which are on the East Coast or have ever heard of the 'famous' blogger who writes about teenagers and pets and their tax complications." This statement, submitted in the Response in this proceeding, is unaccompanied by any evidence that the 50 clients actually have never heard of Complainant. In this Panel's view it appears to be merely a reckless statement.

Finally, at another point, Respondent describes the USD 440,000 offer as an "off the cuff statement". This assertion is difficult to square with the actual offer of USD 440,000 conveyed in the email to Complainant. It is ultimately difficult to determine which of Respondent's statements, in the Response or in its communications with Complainant, are "off the cuff" statements and which are genuine.

These and other discrepancies, internal inconsistencies, and reckless comments undermine Respondent's statements, and hence make it difficult for the Panel to accept the already implausible assertion that Respondent, a tax and accounting professional, did not target Complainant's mark when registering the Domain Name. The Panel finds that the Domain name was registered in bad faith.

This registration, followed by Respondent's commercial use of the Domain Name to resolve to a website supporting Respondent's business which is in competition with Complainant's business, is in bad faith within the meaning of Policy paragraph 4(b)(iv).

The Panel concludes that Policy paragraph 4(a)(iii) has been satisfied.

**D. Reverse Domain Name Hijacking**

Respondent alleges that Complainant has acted in bad faith and is engaging in reverse domain name hijacking by initiating this dispute. As the Panel has found in favor of the Complainant, it dismisses the request for a finding of reverse domain name hijacking.

**7. Decision**

For the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the Domain Name <taxgirls.com> be transferred to Complainant.

**Robert A. Badgley**
Sole Panelist
Date: July 15, 2015

# EXHIBIT "D"



**TaxGirls.com**
@TaxGirlsDotCom

@taxgirl so tell me...as a tax attorney r u familiar with grand larceny? Because that is what u will be convicted of

Reply to @TaxgirlsDotCom

# EXHIBIT "E"

-------- Original message --------
From: Michelle Luevano
Date:06/27/2015 4:10 AM (GMT-05:00)
To: Kelley Keller
Subject: [SPAM?] TaxGirls

Again today, if you do not stop harassing my business and that of another I collaborate with,  We will  retain counsel to formally ask
the USPTO for you and or your client to be have that trademark stripped for abuse. Not to mention by the end of next week I am
requesting for  a civil harassment restraining order. This is going to far and what you don't seem to understand, we are not infringing.
If we were, handle your business and go to court. Cause as of now, once the domain dispute is thrown out, restraining order is next so
is a lawsuit for damages due to that complaint and the harassment that is not
Stopping. Your client is attempting to intimidate and extort assets that don't belong to her in the name of a U.S. trademark that she
does not own and misusing the registration and the process. Try me. She has got my attention and if I hear one more thing about this I
will devote nothing but time to see that she has no trademarks as she uses them in acts of theft fraud and abuse of the mark itself. It's
also good for them to take it back. Do your research as your client is going to be paying me back for mine

Sent from my iPhone

# EXHIBIT "F"

-------- Original message --------
From: Michelle Luevano
Date:06/30/2015 12:57 AM (GMT-05:00)
To: Kelley Keller
Cc: info@taxgirls.com
Subject: Re: [SPAM?] Re: Trademark Infringement: TAXGIRLS.COM and TAX GIRLS

FYI it's Mrs Luevano not Ms.

So let's open up the line of communication as most of the time I am busy raising and supporting my five children and providing the only income that goes into the home. Most do not catch my attention and what most don't know is that really, they don't want to. When they do get my attention and distract from what I said above, usually it's not going to be a waltz. So if I was rude prior I apologize however I can't promise it won't happen again.

Please explain to me how I am effecting your clients source of revenue. I build this business from food stamps and being on welfare to being on target for $700,000 this year. And I did that In less that 4 years after my 2nd husband abandoned myself and four children. Please tell me how my business in any way is truly effecting ur client or should I say ur friend.

I can honestly with all certainty and with god's hand on my shoulder say, that not one person or persons or business has ever mistakes ur clients "pen name" and our company. And if by way it has then I have no possible clue how it could have happened as we do not even deal with clients further than 300 miles over the California border.

I could get into all the legal use of trademarks and being generic and it not being used appropriately in commerce as should be by ur client, however if my company is effecting her family and her children and what she can do for them everyday, then non of that matters. And I would fold and start over. However, it's not. I know it's not as my drug of choice is SEO, Google dances, fair completion, and more than anything else....the Internet. As I can never see or hear or learn it all. And I know our market, I know where and what everyone was thinking or typing when they came on my site and not one person was looking for "the TAXGiRL" in fact we get between 6-40 visitors a day and of those visitors, 50% are clients using the back end document management system. And of the other 50%, or 3-20 people we will hear from 1-8 of those the day they land on our site. And we also carry only about 35% new visitors on a daily basis the rest are repeat.

So please explain where ur client is losing. And please explain why you would need all the trade secret information of my current practice such as contracts and anything contributing to our business name to be turned over. Cause that's sounds like rape I have ever heard it. The only difference is ur client is asking me to put myself, my children and my livelihood at the submission of some strange woman who wants to rape our future.

Tell me how This is harming her. And please direct ur comments to me as a mother as a business owner and as someone who finally has a way to support her family without the assistance of every other tax payer in this state. Tell me how my children loosing repairs something I have done to ur client

Sent from my iPhone

# EXHIBIT "G"

This is Google's cache of http://www.taxgirls.com/blog/domains (http://www.taxgirls.com/blog/domains). It is a snapshot of the page as it appeared on Jul 5, 2015 08:08:11 GMT.

The current page (http://www.taxgirls.com/blog/domains) could have changed in the meantime. Learn more (http://support.google.com/websearch/bin/answer.py?hl=en&p=cached&answer=1687222)

**Full version**    Text-only version (http://webcache.googleusercontent.com/search?q=cache:bFJZlxcOxuoJ:www.taxgirls.com/blog/domains&hl=en&gl=us&

Tip: To quickly find your search term on this page, press Ctrl+F or ⌘-F (Mac) and use the find bar.

(CMichelleMorganBookkeeperGirls? rel=author)

# TaxGirls.Com (/)

home (/home/)
services
accounting & bookkeeping (/accounting/)
training services (/training/)
quickbooks proadvisor support (/quickbooks/)
payroll processing (/payroll/)
individual and corporate tax (/taxation/)
rates (/rates/)
quickbooks
packages (/virtualpackages/)
quickbooks online (/quickbooksonline/)
quickbooks desktop (/quickbooks-desktop/)
why quickbooks (/whyquickbooks/)
blog (/blog/)
resources (/resources/)
contact us (/contact/)
faq (/faq/)
links (/links/)

QUOTE FORM (/QUOTE/)



Michelle Morgan (/blog/?author=4f62dbfde4b0540f119826b5)  ·  Real Estate Bookkeeping (/blog/?category=Real+Estate+Bookkeeping), Business Formation (/blog/?category=Business+Formation), CPA (/blog/?category=CPA), Expense Recording (/blog/?category=Expense+Recording), Accountants (/blog/?category=Accountants), Certified ProAdvisor (/blog/?category=Certified+ProAdvisor), Accounts Receivable (/blog/?category=Accounts+Receivable), Internal Controls (/blog/?category=Internal+Controls), Payroll (/blog/?category=Payroll), Domain dispute (/blog/?category=Domain+dispute), Deductions (/blog/?category=Deductions), Domain hijacking (/blog/?category=Domain+hijacking), Budgeting (/blog/?category=Budgeting), Start-up (/blog/?category=Start-up), Flipping Houses (/blog/?category=Flipping+Houses), Inventory (/blog/?category=Inventory), Intuit News (/blog/?category=Intuit+News), LLC (/blog/?category=LLC), Intellectual property (/blog/?category=Intellectual+property), Cloud Based Software (/blog/?category=Cloud+Based+Software), Bookkeeping (/blog/?category=Bookkeeping), PDF Issues (/blog/?category=PDF+Issues), Cash Flow (/blog/?category=Cash+Flow), Small biz (/blog/?category=Small+biz)

TAXGiRL aka Kelly Erb recently tried to intimidate me into turning over my business, domain, trade mark, and every delusional request she could blog up.

when I ignored her 3rd and 4th intimidation and threatening letter she went across the world to attempt to have my domain swiped from under me. Saying its infringing on her little Blog TAXGiRL. As everyone knows we go by the context, the meaning, the spelling of Tax Girls Inc and based on her demands...

Kelly Erb aka TAXGiRL is what one would call a CrumbSnatcher. Meaning for the slang term I heard in high school can be found here:

the Urban Dictionary : http://www.urbandictionary.com/define.php?term=crumb+snatcher&defid=5454248

crumb snatcher (http://www.urbandictionary.com/define.php?term=crumb+snatcher&defid=5454248)

a person who can't do shit on his own so he steals whats left over such as: old girlfriends, pick-up lines, raps, copies your artwork etc.

●●●●○ Verizon  LTE       1:42 AM                    ■

Done TAXGIRLS Cease and D...        



---

(htt  (htt  (htt  (ma  (htt  (htt
(ma  (htt  (htt  (htt  (htt



(http://www.bill.com/for-accountants/accountant-directory/profile/?accountant_id=cd0rhlhilj_43gslujg)

NEED A CALL
NOW? CLICK
HERE TO RECEIVE
A CALL TODAY
FROM MICHELLE
(/QUOTE)



(http://proadvisor.intuit.com/quickbooks-help/michelle-morgan-20)



Search

## Accounting a (/blog?tag=Account
Add-ons and Software (/blog? tag=Add-ons+and+Softwa
Business and Ent (/blog? tag=Business+an

**VIA CERTIFIED MAIL**

March 21, 2015

Michelle Luevano
Founder
Nerdy Girl Enterprises, Inc. DBA TaxGirls.com
740 Fourth Street
Suite 114
Santa Rosa, CA 95404

    Re:   TAXGIRLS.COM and TAX GIRLS

Dear Ms. Luevano:

    We represent Kelly Phillips Erb ("Phillips Erb" and/or "client") in connection with trademark and unfair competition matters.

    On or about February 11, 2015, our client reached out to you via email to request that you cease and desist use of the TAXGIRLS.COM and TAX GIRLS marks in connection with your tax and accounting business, Nerdy Girl Enterprises, Inc. DBA TaxGirls.com. Your email response on the same day indicated that you have no intention to stop using the TAXGIRLS.COM and TAX GIRLS marks or to respect our client's federal trademark rights in the nearly identical mark TAXGIRL. Accordingly, we have been retained to pursue the issue to conclusion.

    Kelly Phillips Erb is the owner of all right, title, and interest in and to the trademarks TAXGIRL and ASK THE TAXGIRL, including U.S. Trademark Registration Nos. 3323087 and 3754414, for the marks respectively. Copies of these registrations are enclosed for your reference. Furthermore, Phillips Erb's registered rights in the TAXGIRL mark are now incontestable.

    As you may know, our client is a nationally acclaimed tax expert and tax attorney, widely known as the TAXGIRL, and author of the popular TAXGIRL blog for Forbes.com. She is a prolific writer on tax matters and is frequently called upon to comment on tax news and policy by various media outlets, including, for example, CNNMoney.com, Reuters, Time and AOL's WalletPop, National Public Radio's Marketplace, ABCNews.com, and CBS Radio.

---

P a g e | 2

Phillips Erb has a substantial presence on the Internet as the TAXGIRL by virtue of her above-referenced TAXGIRL blog, the popular website www.taxgirl.com, now syndicated with Forbes, nearly 30,000 Twitter followers www.twitter.com/taxgirl, and nearly 7,000 "likes" on her Facebook page www.facebook.com/taxgirl, among others.

Page 1

VIA CERTIFIED MAIL March 21, 2015 Michelle Luevano Founder Nerdy Girl Enterprises, Inc. DBA TaxGirls.com 740 Fourth Street Suite 114 Santa Rosa, CA 95404 Re: TAXGIRLS.COM and TAX GIRLS Dear Ms. Luevano: *Not licensed in PA. Practice limited to federal intellectual property pursuant to Virginia license. We represent Kelly Phillips Erb ("Phillips Erb" and/or "client") in connection with trademark and unfair competition matters. matters On or about February 11, 2015, our client reached out to you via email to request that you cease and desist use of the TAXGIRLS.COM and TAX GIRLS marks in connection with your tax and accounting business, Nerdy Girl Enterprises, Inc. DBA TaxGirls.com. Your email response on the same day indicated that you have no intention to stop using the TAXGIRLS.COM and TAX GIRLS marks or to respect our client's federal trademark rights in the nearly identical mark TAXGIRL. Accordingly, we have been retained to pursue the issue to conclusion. Kelly Phillips Erb is the owner of all right, title, and interest in and to the trademarks TAXGIRL and ASK THE TAXGIRL, including U.S. Trademark Registration Nos. 3323087 and 3754414, for the marks respectively. Copies of these registrations are enclosed for your reference.

tag=BusinessTax Productivity and (/blog? tag=Productivity QuickBooks (/blog? tag=QuickBo QuickBooks (/blog? tag=QuickBo QuickBooks O: (/blog? tag=QuickBool Taxation (/blog? tag=Taxation)



(http://www.twitter.com/TaxgirlsCor
**TaxGirls.com**
(http://www.twitter.com
Trademark Abuse /
bullying and Reverse
Domain Hijacking -
my Experience...
http://t.co/3gH215iPUV
(http://t.co/3gH215iPUV)
#SmallBiz
(https://twitter.com/#!/sea
q=%23SmallBiz)
#StartUp
(https://twitter.com/#!/sea
q=%23StartUp)
2 weeks ago
(http://twitter.com/TaxgirlsCom/



(http://www.twitter.com/TaxgirlsCor
**TaxGirls.com**
(http://www.twitter.com
Domain Hijacking
and Cyner Bullying -
my Experience
http://t.co/HEd3kxt272
(http://t.co/HEd3kxt272)
https://t.co/YFoMzAXuh
(https://t.co/YFoMzAXuh)
2 weeks ago
(http://twitter.com/TaxgirlsCom/

Furthermore, Phillips Erb's registered rights in the TAXGIRL mark are now incontestable. As you may know, our client is a nationally acclaimed tax expert and tax attorney, widely known as the TAXGIRL, and author of the popular TAXGIRL blog for Forbes.com. She is a prolific writer on tax matters and is frequently called upon to comment on tax news and policy by various media outlets, including, for example, CNNMoney.com, Reuters, Time and AOL's WalletPop, National Public Radio's Marketplace, ABCNews.com, and CBS Radio.

●●●●○ Verizon  LTE        1:42 AM              ■

# Done TAXGIRLS Cease and D...

Phillips Erb has a substantial presence on the Internet as the TAXGIRL by virtue of her above-referenced TAXGIRL blog, the popular website www.taxgirl.com, now syndicated with Forbes, nearly 30,000 Twitter followers www.twitter.com/taxgirl, and nearly 7,000 "likes" on her Facebook page www.facebook.com/taxgirl, among others. Additionally, she consistently ranks at the top of Internet search engines for "TaxGirl." Through continuous and systematic use of the mark TAXGIRL since April 2000, she has developed substantial goodwill and commercial value in the TAXGIRL mark.

As you know, our client recently learned that you and your company, Nerdy Girl Enterprises, Inc. (collectively "you" or "your") are doing business as TaxGirls.com and/or TaxGirls and are offering various tax and tax related services to the public under that name. The records at the Sonoma County, California Clerk's Office indicate that you applied for and received a fictitious name registration for TAXGIRLS.COM and TAX GIRLS on or about June 10, 2014. If we assume that you began using the marks TAXGIRLS.COM and TAX GIRLS immediately or soon after this date, fourteen (14) years after Phillips Erb commenced use of the TAXGIRL mark, our client has superior rights in the TAXGIRL mark that vested long before you began using the TAXGIRLS.COM and TAX GIRLS marks. Moreover, the federal trademark registration for TAXGIRL issued more than five (5) years before you commenced use of the TAXGIRLS.COM and TAX GIRLS marks, providing you and your company with constructive notice of our client's prior rights.

In view of these prior rights, the fact that the TAXGIRL.COM and TAX GIRLS marks are virtually identical (distinguished only by tense), the services are identical, the channels of commerce for the respective services are identical, and the class of consumers who purchase the respective services is identical, your use of the TAXGIRLS.COM and TAX GIRLS marks has already caused confusion in the marketplace and continuing use is likely to cause further confusion and dilute the distinctiveness of the mark TAXGIRL, which is properly owned by our client. Phillips Erb has never given you permission to use the TAXGIRLS.COM or TAX GIRLS marks, or any derivation thereof, in connection with providing tax planning, preparation, consultancy or related services.

We believe that your continued concurrent use of the TAXGIRLS.COM and TAX GIRLS marks in the United States constitutes willful trademark infringement and unfair competition in violation of the Federal Lanham Act, 15 U.S.C. §§ 1051 et seq, among other causes of actions arising under Federal and state laws. Your actions expose you to injunctive relief, monetary damages, disgorgement of profits, reimbursement of our client's attorneys' fees and costs, treble damages, and punitive damages.

In view of the above, on behalf of our client, we must demand that you:

1.    Transfer the domain <taxgirls.com> to our client.

2.    Change your company's name to remove TAXGIRLS.COM or TAX GIRLS, or any colorable imitation, and terminate all fictitious and assumed name filings made by you, your company or its affiliates, which contain the term "Tax Girls" in any form.

(http://twitter.com/TaxgirlsCom)



(http://www.twitter.com/TaxgirlsCo)
**TaxGirls.com** (http://www.twitter.com)

Trademark Abuse /
bullying and Reverse
Domain Hijacking -
my Experience
http://t.co/O72xlfOHns
(http://t.co/O72xlfOHns)
2 weeks ago
(http://twitter.com/TaxgirlsCom)



(http://www.twitter.com/TaxgirlsCo)
**TaxGirls.com** (http://www.twitter.com)

https://t.co/nlwrMOEqTT
(https://t.co/nlwrMOEqTT)
2 weeks ago
(http://twitter.com/TaxgirlsCom)



(http://www.twitter.com/TaxgirlsCo)
**TaxGirls.com** (http://www.twitter.com)

https://t.co/65ArgDF8SE
(https://t.co/65ArgDF8SE)
2 weeks ago
(http://twitter.com/TaxgirlsCom)

Follow @TaxgirlsCom

Page 2

Phillips Erb has a substantial presence on the Internet as the TAXGIRL by virtue of her above-referenced TAXGIRL blog, the popular website www.taxgirl.com, now syndicated with Forbes, nearly 30,000 Twitter followers www.twitter.com/taxgirl, and nearly 7,000 "likes" on her Facebook page www.facebook.com/taxgirl, among others. Additionally, she consistently ranks at the top of Internet search engines for "TaxGirl." Through continuous and systematic use of the mark TAXGIRL since April 2000, she has developed substantial goodwill and commercial value in the TAXGIRL mark.  As you know, our client recently learned that you and your company, Nerdy Girl Enterprises, Inc. (collectively "you" or "your") are doing business as TaxGirls.com and/or TaxGirls and are offering various tax and tax related services to the public under that name.  The records at the Sonoma County, California Clerk's Office indicate that you applied for and received a fictitious name registration for TAXGIRLS.COM and TAX GIRLS on or about June 10, 2014.  If we assume that you began using the marks TAXGIRLS.COM and TAX GIRLS immediately or soon after this date, fourteen (14) years after Phillips Erb commenced use of the TAXGIRL mark, our client has superior rights in the TAXGIRL mark that vested long before you began using the TAXGIRLS.COM and TAX GIRLS marks.  Moreover, the federal trademark registration for TAXGIRL issued more than five (5) years before you commenced use of the TAXGIRLS.COM and TAX GIRLS marks, providing you and your company with constructive notice of our client's prior rights. In view of these prior rights, the fact that the TAXGIRL.COM and TAX GIRLS marks are virtually identical (distinguished only by tense), the services are identical, the channels of commerce for the respective services are identical, and the class of consumers who purchase the respective services is identical, your use of the TAXGIRLS.COM and TAX GIRLS marks has already caused confusion in the marketplace and continuing use is likely to cause further confusion and dilute the distinctiveness of the mark TAXGIRL, which is properly owned by our client.  Phillips Erb has never given you permission to use the TAXGIRLS.COM or TAX GIRLS marks, or any derivation thereof, in connection with providing tax planning, preparation, consultancy or related services.   We believe that your continued concurrent use of the TAXGIRLS.COM and TAX GIRLS marks in the United States constitutes willful trademark infringement and unfair competition in violation of the Federal Lanham Act, 15 U.S.C. §§ 1051 et seq, among other causes of actions arising under Federal and state laws.  Your actions expose you to injunctive relief, monetary damages, disgorgement of profits, reimbursement of our client's attorneys' fees and costs, treble damages, and punitive damages.   In view of the above, on behalf of our client, we must demand that you: 1. 2. Transfer the domain <taxgirls.com> to our client. Change your company's name to remove TAXGIRLS.COM or TAX GIRLS, or any colorable imitation, and terminate all fictitious and assumed name filings made by you, your company or its affiliates, which contain the term "Tax Girls" in any form.

2.   Change your company's name to remove TAXGIRLS.COM or TAX GIRLS, or any colorable imitation, and terminate all fictitious and assumed name filings made by you, your company or its affiliates, which contain the term "Tax Girls" in any

3 of 4

3.      Cease and desist use of the TAXGIRLS.COM and TAX GIRLS marks, or any colorable imitation thereof, for tax planning, preparation, consultancy, and related services in the United States, both on and offline, so that the consuming public will no longer be exposed to these infringing uses.  This includes, without limitation, any and all use on or in connection with the website located at www.taxgirls.com; any links or references to that website over which you have control; social media platforms, including, for example, Facebook, Twitter, Google+, YouTube, and Pinterest; marketing, advertising, and promotional materials whether in print or digital form; and internet search engines bearing the marks TAXGIRLS.COM and/or TAX GIRLS in any form, whether unitary, composite, plural or singular, with or without design elements, with or without the domain extension .com, or otherwise.

4.      Agree to never register or own a URL that incorporates the words "Tax" and "Girl" in any form, including domain name registrations and social media usernames.

5.      Provide this office with a copy of all materials and information relating to your use of the marks TAXGIRLS.COM and TAX GIRLS in any form, including color copies of all marketing, advertising, and promotional materials that use the marks, including, without limitation, all webpages, catalogs, brochures, marketing emails, and all other forms of advertising, marketing or promotion, including, without limitation, postings on Twitter, Facebook, Pinterest and/or any other form of social media.

6.      Immediately preserve exact color copies of all of your websites, webpages, and all other forms of advertising, marketing, and promotion, as they exist and appear now, before any changes are made, which refer or contain references to the TAXGIRLS.COM and TAX GIRLS marks.

7.      Immediately preserve all other physical and electronic documents, materials, and data in your possession, custody, or control that are or might be relevant or related to the foregoing matters.

Our client trusts that this matter will be resolved promptly and amicably.  With your prompt cooperation, Phillips Erb is willing to allow a reasonable period of time (e.g. 30 days) for you to transition to a new company name and identity.

However, if you fail to advise us by March 31, 2015 that you will comply with the foregoing demands, then we will assume that your continued use of TAXGIRLS.COM and TAX GIRLS is deliberate and that you do not intend to cooperate.  In that event, our client may, without further notice to you, take further legal action to assert her rights and pursue remedies available to protect her interests, including recovery for past infringements.

We look forward to your prompt response to this letter and anticipate a swift and amicable resolution of this matter.

This letter is not intended as a full statement of all facts relating to this matter, nor should anything herein be construed as a waiver, release or relinquishment of any rights, remedies, claims or causes of action available to my client, all of which are

Page 3

3. P age | 3 Cease and desist use of the TAXGIRLS.COM and TAX GIRLS marks, or any colorable imitation thereof, for tax planning, preparation, consultancy, and related services in the United States, both on and offline, so that the consuming public will no longer be exposed to these infringing uses.  This includes, without limitation, any and all use on or in connection with the website located at www.taxgirls.com; any links or references to that website over which you have control; social media platforms, including, for example, Facebook, Twitter, Google+, YouTube, and Pinterest; marketing, advertising, and promotional

materials whether in print or digital form; and Internet search engines bearing the marks TAXGIRLS.COM and/or TAX GIRLS in any form, whether unitary, composite, plural or singular, with or without design elements, with or without the domain extension .com, or otherwise. 4. Agree to never register or own a URL that incorporates the words "Tax" and "Girl" in any form, including domain name registrations and social media usernames. 5. Provide this office with a copy of all materials and information relating to your use of the marks TAXGIRLS.COM and TAX GIRLS in any form, including color copies of all marketing, advertising, and promotional materials that use the marks, including, without limitation, all webpages, catalogs, brochures, marketing emails, and all other forms of advertising, marketing or promotion, including, without limitation, postings on Twitter, Facebook, Pinterest and/or any other form of social media. 6. Immediately preserve exact color copies of all of your websites, webpages, and all other forms of advertising, marketing, and promotion, as they exist and appear now, before any changes are made, which refer or contain references to the TAXGIRLS.COM and TAX GIRLS marks. 7. Immediately preserve all other physical and electronic documents, materials, and data in your possession, custody, or control that are or might be relevant or related to the foregoing matters. Our client trusts that this matter will be resolved promptly and amicably. With your prompt cooperation, Phillips Erb is willing to allow a reasonable period of time (e.g. 30 days) for you to transition to a new company name and identity. However, if you fail to advise us by March 31, 2015 that you will comply with the foregoing demands, then we will assume that your continued use of TAXGIRLS.COM and TAX GIRLS is deliberate and that you do not intend to cooperate. In that event, our client may, without further notice to you, take further legal action to assert her rights and pursue remedies available to protect her interests, including recovery for past infringements. We look forward to your prompt response to this letter and anticipate a swift and amicable resolution of this matter.

However, if you fail to advise us by March 31, 2015 that you will comply with the foregoing demands, then we will assume that your continued use of TAXGIRLS.COM and TAX GIRLS is deliberate and that you do not intend to cooperate. In that event, our client may, without further notice to you, take further legal action to assert her rights and available to protect her interests, including recovery for past

We look forward to your prompt response to this letter and anticipate a swift and amicable resolution of this matter.

**4 of 4**

This letter is not intended as a full statement of all facts relating to this matter, nor should anything herein be construed as a waiver, release or relinquishment of any rights, remedies, claims or causes of action available to my client, all of which are reserved. This letter is confidential and constitutes an offer of compromise pursuant to Federal Rules of Evidence, Rule 408, et seq., and any related legal authorities. As such, this letter may not be disseminated to anyone outside of your client's company or its legal representatives, and may not be used in any legal proceeding for any purposes.

Sincerely,

THE KELLER LAW FIRM, LLC

Kelley C. Keller, Esq.

cc:    Kelly Phillips Erb, Esq.

Encl.   U.S. Trademark Reg. Nos.3323087 and 3754414

Page 4

This letter is not intended as a full statement of all facts relating to this matter, nor should anything herein be construed as a waiver, release or relinquishment of any rights, remedies, claims or causes of action available to my client, all of which are reserved.  This letter is confidential and constitutes an offer of compromise pursuant to Federal Rules of Evidence, Rule 408, et seq., and any related legal authorities.  As such, this letter may not be disseminated to anyone outside of your client's company  or its legal representatives, and may not be used in any legal proceeding for any purposes.  Sincerely, THE KELLER LAW FIRM, LLC Kelley C. Keller, Esq. cc: Kelly Phillips Erb, Esq. Encl.  U.S.  Trademark Reg.  Nos.3323087  and  3754414 (tel:3754414)

I have filed a response to the dispute and am

awaiting word on whether kelly Erb the crumb snatcher can Actually commit grand larceny this way....and will update as soon as I know



Michelle Luevano

Tagged: GAAP (/blog/?tag=GAAP), QuickBooks Certified ProAdvisor (/blog/?tag=QuickBooks+Certified+ProAdvisor), SEC (/blog/?tag=SEC), Intellectual property (/blog/?tag=Intellectual+property), Women (/blog/?tag=Women), ratios (/blog/?tag=ratios), Lists and Inventory (/blog/?tag=Lists+and+Inventory), Accounting and Bookkeeping (/blog/?tag=Accounting+and+Bookkeeping), Domain dispute (/blog/?tag=Domain+dispute), Other Software (/blog/? tag=Other+Software), Real Estate (/blog/?tag=Real+Estate), Outsource (/blog/?tag=Outsource), Taxation (/blog/?tag=Taxation), selling your business (/blog/?tag=selling+your+business), Business and Entrepreneurs (/blog/?tag=Business+and+Entrepreneurs), audit (/blog/?tag=audit), Intuit Payments (/blog/?tag=Intuit+Payments), mutual funds (/blog/?tag=mutual+funds), Enterprise Solutions (/blog/?tag=Enterprise+Solutions), taxes (/blog/?tag=taxes), MasterCard (/blog/?tag=MasterCard), Financial Statements (/blog/? tag=Financial+Statements), QuickBooks (/blog/?tag=QuickBooks), Patent (/blog/?tag=Patent), break even (/blog/?tag=break+even), Add-ons and Software (/blog/?tag=Add-ons+and+Software), Visa (/blog/?tag=Visa), Taxgirls.com (/blog/?tag=Taxgirls.com), Productivity and Troubleshooting (/blog/? tag=Productivity+and+Troubleshooting), accounting (/blog/? tag=accounting), Payment Network (/blog/?tag=Payment+Network), QuickBooks Online (/blog/?tag=QuickBooks+Online), Tips (/blog/? tag=Tips), year end (/blog/?tag=year+end), investing (/blog/? tag=investing), Payroll (/blog/?tag=Payroll), Section 179 (/blog/? tag=Section+179), Start-Ups (/blog/?tag=Start-Ups), theft (/blog/? tag=theft), Principles of Accounting (/blog/? tag=Principles+of+Accounting), Trademark (/blog/?tag=Trademark), Offer In Compromise (/blog/?tag=Offer+In+Compromise), Flipping Houses and QuickBooks (/blog/? tag=Flipping+Houses+and+QuickBooks), Real Estate Investments (/blog/?tag=Real+Estate+Investments), CPA (/blog/?tag=CPA), Hijacking (/blog/?tag=Hijacking), IRS (/blog/?tag=IRS), Sales (/blog/? tag=Sales), Cloud Based Accounting Platforms (/blog/? tag=Cloud+Based+Accounting+Platforms), Customers (/blog/?

tag=Cloud+Based+Accounting+Platforms), Customers (/blog/?
tag=Customers), Payment Processing (/blog/?
tag=Payment+Processing), internal controls (/blog/?
tag=internal+controls)

❤ 0 Likes   ≤ Share



0 Comments          Nerdy Girl Enterprises Inc dba TaxGirls.com                    🚹 Login

❤ Recommend      ⬆ Share                                              Sort by Newest

Start the discussion ..

Be the first to comment

Older Post
Starting Your Business - 3 Things Your
Must Know (/blog/starting-your-
business-3-things-your-must-
know5132015)

PRIVACY POLICY (/PRIVACY/)
TOS (/TOS/)
REFERENCES (/NEW-BLOG/)

TAXGIRLS.COM & NERDY GIRL ENTERPRISES INC, 740 4TH STREET SUITE 114, SANTA ROSA, CA 95404,
UNITED STATES (707)523-4100  INFO@TAXGIRLS.COM (MAILTO:INFO@TAXGIRLS.COM)

Powered by Squarespace (http://www.squarespace.com)

# EXHIBIT "H"

**Tweets**    Tweets & replies    Photos & videos



**TaxGirls.com** @TaxgirlsCom · Jul 3

## Trademark Abuse / bullying and Reverse Domain Hijacking - my Experience… goo.gl/fb/bgMVVb #SmallBiz #StartUp

View summary



**TaxGirls.com** @TaxgirlsCom · Jul 3

**Domain Hijacking and Cyber Bullying - my Experience**

taxgirls.com/blog/domains lnkd.in/bh8txab

View summary



**TaxGirls.com** @TaxgirlsCom · Jul 3

## Trademark Abuse / bullying and Reverse Domain Hijacking - my Experience taxgirls.com/blog/domains

View summary